FILED

2023 Jul-20  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **KRISTOPHER DALE PHILLIPS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:22-cv-1150-AMM-GMB** |
| | ) | |
| **DEBORAH TONEY,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

The Magistrate Judge entered a report on June 13, 2023 recommending that the petition for writ of habeas corpus be dismissed with prejudice as untimely. Doc. 9. Petitioner Kristopher Dale Phillips filed an objection to the report and recommendation on June 27, 2023. Doc. 10. In his objections, Mr. Phillips does not dispute that his petition is untimely, but contends that this court should apply equitable tolling to save his petition. Doc. 10 at 1–3. This argument is unavailing.

First, Mr. Phillips did not present this equitable tolling argument in his petition or response to the respondent's answer. *See* Docs. 1 & 8. District courts in the Eleventh Circuit have "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (district court did not abuse its discretion in refusing to hear new arguments presented in objections to a recommendation in a

habeas case). In fact, the Eleventh Circuit observed in *Williams* that "'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.'" 557 F.3d at 1292 (quoting *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988)). This reasoning is especially true here where Mr. Phillips has been represented by counsel since the filing of his petition.

Additionally, even if the court did consider Mr. Phillips' new equitable tolling argument, it misses the mark. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitation may be equitably tolled if a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).

In support of diligence, Mr. Phillips argues "[i]t is inconceivable how an incarcerated individual could have discovered the facts alleged in his second state Rule 32 petition in a timely manner, that the foreperson of the trial had lied during the voir dire examination by failing to disclose her prior incidents of personal sexual misconduct that she had experienced and also the experiences of her friends." Doc. 10 at 1–2. This argument, however, does not address Mr. Phillips' diligence in timely filing his petition in federal court. While it may have taken Mr. Phillips time to

uncover the facts alleged in his second Rule 32 petition, he knew of them at the time he filed that petition on March 9, 2020. After the Alabama Supreme Court denied his petition for writ of certiorari on that second Rule 32 petition on September 10, 2021, Mr. Phillips had ninety-three days remaining to file his federal habeas petition. He did not file it until September 8, 2022, *see* Doc. 1 at 38, approximately eight months too late. Mr. Phillips does not make any argument as to how he diligently pursued his rights during that delay. *See San Martin v. McNeil*, 633 F.3d 1257, 1270 (11th Cir. 2011) (finding no showing of "reasonable diligence" necessary to apply equitable tolling where petitioner failed to show, for example, any attempt to contact court or counsel about case resolution or provide explanation for delay in filing for collateral relief once petitioner learned of decision).

As to the second equitable tolling factor—that some extraordinary circumstance prevented him from timely filing his petition—Mr. Phillips' argument centers on the trial court's denial of his second Rule 32 petition as precluded and time barred. Doc. 10 at 2–3. While this argument relates to barriers he may have faced in the state court, Mr. Phillips does not present any "extraordinary circumstance" that prevented the timely filing of his federal petition. On this point, Mr. Phillips is silent. And the Magistrate Judge's report and recommendation statutorily tolled the time during which this second Rule 32 petition was pending in

the state court. Doc. 9 at 8. For these reasons, Mr. Phillips has not established that equitable tolling applies.

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for a writ of habeas corpus is due to be **DISMISSED WITH PREJUDICE**.

A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). The court finds Mr. Phillips' claims do not satisfy either standard.

**DONE** and **ORDERED** this 20th day of July, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

4